# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| In Re: <br><br> Paul Joseph Tanzillo <br> Susan Rose Marie Tanzillo, <br>     Debtors. | Chapter 7 <br><br> Case No.: 2:19-bk-55350 <br><br> Judge Jeffery P. Hopkins |
| East Little Creek Burgerts, LLC. <br><br>     Plaintiff, <br> v. <br><br> Paul Joseph Tanzillo <br>     Defendant. | Adv. Pro. No. 2:19-ap-02148 |

**DEFENDANT PAUL JOSEPH TANZILLO'S ANSWER TO AMENDED COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT**
**(Rel. Doc. 6)**

Now comes Paul Joseph Tanzillo ("Defendant"), by and through counsel, to answer the amended complaint (Doc. 6) of East Little Creek Burgers, LLC's ("Plaintiff") filed on January 3, 2020. Defendant now responds to answer Plaintiff's amended complaint as follows:

1. Paragraph 1 of Plaintiff's amended complaint requires no response because it is a mere statement of Plaintiff's requested relief. Even so, Defendant denies the allegations set forth in Paragraph 1 of Plaintiff's amended complaint;

2. Defendant admits the allegations in paragraphs 2 and 3 of Plaintiff's amended complaint;

3. Defendant denies the allegations in paragraphs 4, 5, and 6 of Plaintiff's amended complaint;

4. Defendant admits the allegations in paragraph 7 of Plaintiff's amended complaint;

5. Defendant denies the allegations in paragraphs 8, 9, 10, 11, 12, 13 and 14 of Plaintiff's amended complaint;

6. Paragraph 15 of Plaintiff's amended complaint contains more than one allegation, some correct, some contested, therefore, Defendant denies the allegations in paragraph 15 of Plaintiff's amended complaint in their entirety;

7. Defendant denies the allegations in paragraphs 16, 17, and 18 of Plaintiff's amended complaint;

8. Paragraph 19 of Plaintiff's amended complaint is a restatement of the prior allegations set forth in the amended complaint and does not require a response. Even so, Defendant denies the allegations set forth in paragraph 19 of Plaintiff's amended complaint;

9. Defendant denies the allegations in paragraphs 20, 21, 22, 23, and 24 of Plaintiff's amended complaint;

10. Paragraph 25 of Plaintiff's amended complaint is a restatement of the prior allegations set forth in the amended complaint and does not require a response. Even so, Defendant denies the allegations set forth in paragraph 25 of Plaintiff's amended complaint;

11. Defendant denies the allegations in paragraphs 26, 27, 28, and 29 of Plaintiff's amended complaint.

Now having answered Plaintiff's amended complaint in its entirety, Defendant states the following defenses and/or claims:

**AFFIRMATIVE DEFENSES:**

**GENERAL AFFIRMATIVE DEFENSES**

12. Defendant incorporates all other paragraphs here by reference as though fully written herein;

13. Each and every action or inaction alleged here against Plaintiff is also an allegation of action or inaction by Plaintiff's agents, predecessors, successors, employees, contractors, assignees, assignors, and servicers, as appropriate;

14. Plaintiff's claims are barred in whole or in part by its own actions;

FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

15. Defendant incorporates all other paragraphs here by reference as though fully written herein;

16. Plaintiff's Amended complaint fails to state a claim against Defendant upon which relief can be granted;

SECOND AFFIRMATIVE DEFENSE – UNCLEAN HANDS

17. Defendant incorporates all other paragraphs here by reference as though fully written herein;

18. Plaintiff's claims are barred by the clean hands doctrine and other principles of equity such that Plaintiff is not entitled to the requested relief;

THIRD AFFIRMATIVE DEFENSE – INSUFFICIENT PROCESS AND SERVICE OF PROCESS

19. Defendant incorporates all other paragraphs here by reference as though fully written herein;

20. Plaintiff's amended complaint must be dismissed for insufficient process and failure to comply with proper service of process;

FOURTH AFFIRMATIVE DEFENSE – RIPENESS

21. Defendant incorporates all other paragraphs here by reference as though fully written herein;

22. The claims set forth in Plaintiff's amended complaint are not ripe for adjudication;

FIFTH AFFIRMATIVE DEFENSE – ACCORD AND SATISFACTION

23. Defendant incorporates all other paragraphs here by reference as though fully written herein;

24. The claims set forth in Plaintiff's amended complaint are barred by the doctrine of accord and satisfaction;

SIXTH AFFIRMATIVE DEFENSE – FAILURE TO MITIGATE DAMAGES

25. Defendant incorporates all other paragraphs here by reference as though fully written herein;

26. The claims set forth in Plaintiff's amended complaint are barred because the Plaintiff has failed to mitigate its damages;

SEVENTH AFFIRMATIVE DEFENSE – LACK OF PRIVITY

27. Defendant incorporates all other paragraphs here by reference as though fully written herein;

28. The claims set forth in Plaintiff's amended complaint are barred because the Defendant is not in privity to the party liable for damages to the Plaintiff;

EIGHTH AFFIRMATIVE DEFENSE – FAILURE TO JOIN ALL NECESSARY PARTIES

29. Defendant incorporates all other paragraphs here by reference as though fully written herein;

30. The claims set forth in Plaintiff's amended complaint are barred because Plaintiff has failed to join all necessary parties in the action;

NINTH AFFIRMATIVE DEFENSE – NO DAMAGE TO PLAINTIFF

31. Defendant incorporates all other paragraphs here by reference as though fully written herein;

32. The claims set forth in Plaintiff's amended complaint are barred because Plaintiff has not incurred any recoverable damages;

**COUNTERCLAIMS:**

33. Defendant incorporates all other paragraphs here by reference as though fully written herein;

34. Defendant reserves the right to amend this answer and assert any counter claims available to him or to assert additional defenses or counterclaims which may come to light after investigation during the pendency of this litigation.

WHEREFORE, your Defendant Paul Joseph Tanzillo respectfully requests that this Court DENY Plaintiff's requested relief, find in favor of Defendant, and DISMISS the amended complaint with prejudice.  Further, Defendant demands judgment as follows:

a. Grant Defendant attorney's fees with the appropriate multiplier plus costs and expense of litigation;

b. Grant Defendant damages in recoupment and setoff as appropriate.

c. Award Defendant such other relief as may be just and equitable.

    Respectfully submitted,

    THE NESBITT LAW FIRM, LLC
    /s/Laura M. Nesbitt
    Laura M. Nesbitt (0082629)

6037 Frantz Road, Suite 102  
Dublin, OH 43017  
(614) 800-0262 (Phone)  
(614) 808-1627 (Fax)  
laura@nesbittfirm.com  
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Amended Answer was served (i) electronically on the date of filing through the Court's ECF System on all ECF participants registered in this case at the email address registered with the Court and (ii) by ordinary U.S. Mail on January 10, 2020 to:

Scott D. Fink, counsel for Plaintiff

/s/ Laura M. Nesbitt  
Laura M. Nesbitt (0082629)  
*Counsel for Defendant*