## LBR Form 7016–1 — PPS

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| In re: PAUL JOSEPH TANZILLO, SUSAN ROSE MARIE TANZILLO, *Debtor(s)* | Case No: 19-55350<br>Adv. Pro. No: 19-02148 |
| EAST LITTLE CREEK BURGERS, LLC, *Plaintiff(s) (Movant(s))*<br>vs.<br>PAUL JOSEPH TANZILLO, *Defendant(s) (Respondent(s))* | Chapter 7<br>Judge Jeffery P. Hopkins |

**PRELIMINARY PRETRIAL STATEMENT**

This is the pretrial statement of: Paul Joseph Tanzillo .
(name of party)

**I. Appearances:**

The trial attorney for: Paul Joseph Tanzillo
(name of party)

shall be Laura M. Nesbitt , Esq., who is admitted to practice before this Court.

**II. Nature of Action, Jurisdiction and Venue:**

A. This is an action for determination of non-dischargeability and is brought pursuant to 11 U.S.C. 523(a)(6) and (a)(2)(A) and 11 U.S.C. 1738 .
(cite statute(s) and (rule(s))

B. Jurisdiction of this Court:

☒ is not disputed and is invoked under 11 U.S.C. 157 and 1334 .

☐ is disputed.

C. Venue of this Court:

☒ is proper.

☐ is not proper.

– 128 –

D.  This action is a:

  ☒  core proceeding.

  ☐  non-core proceeding.

E.  Core Proceeding:

  1.  If it is alleged that this is a core proceeding, such allegation is based upon 28 U.S.C. § 157(b)(2) (_____l_____).

  2.  If it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution:

    ☒  consent is given for the bankruptcy judge to enter final orders and judgments in the alleged core proceeding.

    ☐  consent is not given for the bankruptcy judge to enter final orders and judgments in the alleged core proceeding.

F.  Non-Core Proceeding:

  If it is alleged that this is a non–core proceeding:

    ☐  consent is given for the bankruptcy judge to enter final orders and judgments in the alleged non-core proceeding.

    ☐  consent is not given for the bankruptcy judge to enter final orders and judgments in the alleged non-core proceeding.

G.  Are any of the following motions filed or to be filed:

|   | Yes | No |
|---|---|---|
| 1. Abstention | ___ | X |
| 2. Remand | ___ | X |
| 3. Withdrawal of the Reference | ___ | X |

H.  If a jury demand has been timely filed, consent is/is not given for trial by jury by the bankruptcy judge.

III. **Statement of the Case:**

The evidence will show that  Paul Joseph Tanzillo  is entitled to judgment
                                              (name of party)
because _____.

IV. **Amendments/Motions:**       (check one)

    ____   (a) The attorney states that all amendments to pleadings and all pretrial motions, including all motions listed above, and all motions pursuant to Bankruptcy Rule 7012 and Bankruptcy Rule 7056, or motions which convert to a motion under Bankruptcy Rule 7056, have been filed, or

    __x__    (b) If all amendments and pretrial motions have not been filed, the attorney states that the following amendments and motions are contemplated; (list or attach as an exhibit the specific amendments and motions and the proposed date(s) by which such will be filed.)

    Defendant is preparing a motion for summary judgment

V. **Issues of Fact and Law:**

  A. The contested issues of fact are:
  Is debt owed to Plaintiff the personal liability of Defendant? If so, is that debt non-dischargeable? Defendant states that Plaintiff must first determine liability of Defendant within the proper venue (VA state court) or concede jurisdiction to the bankruptcy court for purposes of that determination.

  B. The contested issues of law are:
  1. Do Defendant's actions violate Section 43-13 of the Code of Virginia such that Defendant is personally liable to Plaintiff? This is not currently within the jurisdiction of the bankruptcy court.

  2. Do defendant's actions constitute fraud pursuant to 11 U.S.C. 523(a)(2)(A)?
  3. Do Defendant's actions constitute conversion pursuant to 11 U.S.C. 523(a)(6)?
  4. Is Plaintiff entitled to a non-dischargeable judgment under the doctrine of res judicata?

VI. **Discovery:**

  A. **Initial Disclosures.**

  The initial disclosures required by Rule 26(a)(1) Fed. R. Civ. P. have been or will be made on __1/8/2020__.
                                                                                                                                                                    (date)

  B. **Rule 26(f) Fed.R.Civ.P. Conference.**

  The mandatory conference required by Rule 26(f) Fed.R.Civ.P. occurred on __1/8/2020__.
                                                                                                                                                                              (date)

  C. **Discovery Plan.**

  In compliance with Rule 26(f) Fed.R.Civ.P., the following constitutes the parties' discovery plan (use separate paragraphs or subparagraphs if parties disagree):

    (a) Discovery will be needed on the following subjects: (brief description of subjects on which discovery will be needed). __N/A__

    (b) All discovery commenced in time to be completed by (date). [Discovery on (issue for early discovery) to be completed by (date).] __N/A__

    (c) Maximum of __40__ interrogatories by each party to any other party. [Responses due __unk__ days after service.]

    (d) Maximum of __40__ requests for admission by each party to any other party. [Responses due __unk__ days after service.]

    (e) Maximum of __7__ depositions by plaintiff(s) and __7__ by defendant(s).

    (f) Each deposition [other than of __N/A__] limited to maximum of __1.5__ hours unless extended by agreement of parties.

    (g) Reports from retained experts under Rule 26(a)(2) due:

      from plaintiff(s) by (date) __N/A__
      from defendant(s) by (date) __N/A__

(h) Supplementations under Rule 26(e) due (time(s) or interval(s)). __N/A__

**(D) <u>Other Agreed Upon Items</u>.** [Use separate paragraphs or subparagraphs as necessary if parties disagree.]

    (a) Plaintiff(s) should be allowed until (date) to join additional parties and until (date) to amend the pleadings. __N/A__

    (b) Defendant(s) should be allowed until (date) to join additional parties until (date) to amend the pleadings. __N/A__

    (c) All potentially dispositive motions should be filed by (date). __TBD__

    (d) The parties __ARE__ amenable to mediation under LBR 9019–2 at the appropriate time.

    (e) The proceeding should be ready for trial by (date) and at this time is expected to take approximately __N/A__ hour(s)/trial day(s).

**VII. <u>Stipulations</u>:**

    A. The parties have entered into written stipulations, a copy of which is attached hereto.

**VIII.** **Miscellaneous Matters:**

   A. **Settlement:**

     1. No litigant is required to settle this proceeding; however, all litigants are required to engage in good faith settlement efforts which shall consist of at least one offer and one counteroffer by a party authorized to settle this proceeding.  Without disclosing the contents of any settlement efforts, all parties shall set forth below: (a) the date(s) such settlement efforts were conducted, (b) the method(s) of communication employed and (c) the result(s) obtained:

    12/11/2019 - phone conference - settlement demand made by Plaintiff and rejected.

    12/11/2019 - phone conference - settlement counter offer made by Defendant and rejected by Plaintiff on 1/2/2020

     2. Any settlement which occurs prior to the trial date shall be communicated promptly to the judge's courtroom deputy. Failure to make such communication may result in the imposition of costs.

   B. **Pretrial Conference:**

     The Court will order a pretrial conference if review of the Preliminary Pretrial Statement makes such appear necessary. If the Court does not order such a pretrial conference, does the attorney specifically request a pretrial conference?  If so, why? Yes. To address the potential of holding the Adversary matter in abeyance to allow the state court matter to be fully litigated.  Parties held Rule 26 conference via phone on 1/8/2020.

   C. **Other Matters:**

     Counsel advises the Court of the following miscellaneous matters which will aid the Court in preparation of the case for trial.

Counsel for Plaintiff and counsel for Defendant have conferred and both agree the issues of fact and law are best addressed in the VA state court matter which was pending at the time the Bankruptcy case was filed. Accordingly, both parties will be requesting that this Adversary matter be held in abeyance to allow the state court matter to be fully adjudicated.

Respectfully submitted,

                            /s/ Laura M. Nesbitt
                            Laura M  Nesbitt  (0082629)
                            The Nesbitt Law Firm, LLC
                            6037 Frantz Road, Suite 102
                            Dublin,   OH, 43017
                            (614) 800-0262
                            (614) 808-1627 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a completed copy of the foregoing preliminary pretrial statement was served by

_____
(method of service or delivery)

upon _____
(name and address of attorney or party served)

this_____ day of _____, 20_____.

_____

Attorney for _____

## JOINT FILING CERTIFICATION

The above preliminary pretrial statement is submitted jointly by the following parties:

_____          _____

Attorney for _____             _____


_____          _____

Attorney for _____             _____

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 19-55350 |
| Paul Joseph Tanzillo<br>Susan Rose Marie Tanzillo, | Chapter 7 |
| Debtors. | Judge Jeffery P. Hopkins |

| | |
|---|---|
| East Little Creek Burgers, LLC, | |
| Plaintiff, | Adv. Proc. No.: 19-02148 |
| v. | |
| Paul Joseph Tanzillo, | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2020 a copy of the foregoing Preliminary Pretrial Statement was serviced on the following registered ECF participants, **electronically** through the court's ECF System at the email addresses registered with the court:

Scott D. Fink, Attorney for the Plaintiff, at sfink@weltman.com

                                            Respectfully submitted,

                                            /s/ Laura M. Nesbitt
                                             Laura M. Nesbitt (0082629)
                                            The Nesbitt Law Firm, LLC
                                            6037 Frantz Rd., Suite 102
                                            Dublin, OH 43017
                                            (614) 800-0262 (phone)
                                            (614) 808-1627 (fax)
                                            *laura@nesbittfirm.com*
                                            *Counsel for Debtor/Defendant*